**GREENBERG TRAURIG, LLP**
2375 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Ph: (602) 445-8000
Fax: (602) 445-8100
John R. Clemency (email: clemencyj@gtlaw.com) – SBN 009646
Lawrence J. Rosenfeld (email: rosenfeldl@gtlaw.com) - SBN 004426
Garland A. Brown, Jr. (email: browng@gtlaw.com) - SBN 023123
Attorneys For Debtor First Magnus Financial Corporation

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>FIRST MAGNUS FINANCIAL CORPORATION,<br><br>               Debtor.<br><br>JENNIFER BINFORD, SHEILA HART, SUSAN HOWARD, JENNIFER HURTADO, SHEILA LOEBS, KELLY PLUMMER, TIRZAH ROLLE and TAWANA WRIGHT on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs.<br>v.<br><br>FIRST MAGNUS FINANCIAL CORPORATION and FIRST MAGNUS CAPITAL, INC.,<br><br>               Defendants. | Chapter 11<br><br>Case No. 4-07-bk-01578-JMM<br><br>Adversary Proceeding<br>No. 07-AP-00060-JMM<br><br>**MOTION OF FIRST MAGNUS FINANCIAL CORPORATION TO DISMISS FIRST AMENDED COMPLAINT** |

HX 327989214v5

This Motion is filed by First Magnus Financial Corporation, the Debtor in the above-captioned Chapter 11 case and the defendant in the above-captioned adversary proceeding ("First Magnus" or the "Debtor"). Through this Motion, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which is made applicable to this adversary proceeding by Bankruptcy Rule 7012, First Magnus seeks dismissal of the First Amended Adversary Proceeding Class Action Complaint, filed August 30, 2007 ("Complaint").[1] In support of this Motion, First Magnus states the following:

## I. BACKGROUND

On August 21, 2007 (the "Petition Date"), First Magnus, headquartered in Tucson, Arizona, filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Arizona. See *Disclosure Statement In Support of Plan of Liquidation Filed By First Magnus Financial Corporation Dated October 15, 2007*, Case No. 4:07-bk-01578 Docket No. 369, "Disclosure Statement".[2] First Magnus has ceased operations and has been winding down its affairs with a limited number of employees ("Retained Employees"). Disclosure Statement § III. Several members of the Debtor's management team are working full time with no compensation to ensure former employees and creditors receive substantial recoveries via an orderly liquidation of the assets of the bankruptcy estate. Id.

---

[1] Consistent with Rule 12(b) of the Federal Rules of Civil Procedure, Debtor reserves all substantive defenses.
[2] The Disclosure Statement summarizes many matters of record in this case that support dismissal of the Complaint. This Court can (and should) take judicial notice of its own docket without converting the Motion into a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. French v. Chosin Few, Inc., 173 F.Supp.2d 451, 456-57 (W.D.N.C. 2001), aff'd, 60 Fed. Appx. 942 (4th Cir. 2003). Unless otherwise indicated, capitalized terms used in this Motion will correspond to the defined terms used in the Disclosure Statement.

Prior to the commencement of bankruptcy proceedings, First Magnus successfully engaged in the business of originating, purchasing and selling primarily "Prime" and "Alternative-A" or "Alt-A"[3] mortgage loans secured by one to four unit residences. Id. First Magnus did very little sub-prime mortgage lending. Id. Since its inception in October 1996 with twelve employees, First Magnus grew to become one of the United States' largest privately held mortgage companies with over 5,500 employees, 335 branches and shareholder equity of approximately $121,866,617. Id.

The mortgage industry in the United States is suffering an unprecedented liquidity crisis that has and is crippling many of the country's largest mortgage companies. Id. The rapid and severe devaluation of mortgage backed securities and mortgage loan holdings is caused, in part, by a weakening housing market, falling real estate prices, homebuilder construction defaults and a spike in consumer defaults and delinquencies on mortgage loan obligations. Id.

The effects of this liquidity crisis have been sudden, catastrophic and widespread. Id. According to an October 2007 report by the employment firm Challenger, Gray & Christmas, Inc., mortgage lenders have eliminated 69,664 jobs in 2007, which accounts for more than half of the 130,000 jobs that have been cut in 2007 in the entire financial industry. Id.

Warehouse lenders across the country, including Warehouse lenders involved in this matter, are suffering massive losses as a result of this paralyzing liquidity crisis. Id. At

---

[3] The Alternative-A mortgage sector is comprised of borrowers with better credit than sub-prime borrowers but not quite prime borrowers.

least nine (9) major banks have announced they will take write-downs, set aside funds or take charges of approximately $21.8 billion related to leveraged debt, weakened credit markets and sub-prime lending. Id.

First Magnus had been profitable through the date of its most recent financial statements (June 30, 2007) and had been generally current on its debt obligations with employees and creditors as of the Petition Date. Id. The liquidity crisis, however, prevented mortgage lenders like First Magnus from securing financing for continued operations. Id. On or about August 1, 2007, shareholders of First Magnus Capital (parent of Debtor and co-defendant in this matter) made approximately $13 million in cash available to First Magnus in an unsuccessful attempt to sustain the company. Id. Despite the cash infusion from shareholders, First Magnus joined the ranks of over 200 mortgage companies that have ceased operations in the past year and First Magnus closed hundreds of retail and wholesale offices and terminated the vast majority of its 5,500 employees. Id. To assist former employees in the Tucson area where First Magnus is headquartered, several of the Debtor's owners and management team created a $1.2 million fund from personal assets to provide $2,000 stipends to each of the Tucson based Former Employees. Disclosure Statement § IV(A)(2)(a).

On the Petition Date, the Debtor filed the *Motion for Order Authorizing the Payment of Pre-Petition Employee Wages, Salary, and Other Compensation and Authorizing Banks to Honor Checks for Employee Obligations* (the "Wage Motion") [Docket No. 7], pursuant to which the Debtor sought authorization:

- To immediately pay all unpaid pre-petition employee obligations up to $10,000 per Retained Employee; and

- To pay up to $10,000 of pre-petition employee obligations for each Former Employee when adequate funds become available.

On September 7, 2007, pursuant to an Amended Order (Docket No. 136), the Court granted the Wage Motion in part and denied the Wage Motion in part. Id. The Court authorized the payment of pre-petition employee wages for the Retained Employees (subject to certain exclusions) with unencumbered funds or with the cash collateral of Washington Mutual. Id. The Court refused to allow payments to Former Employees outside of the context of a plan of reorganization. Id.[4]

On August 30, 2007, Plaintiffs filed this Complaint seeking damages under the Worker Adjustment and Retraining Notification Act ("WARN Act") 29 U.S.C. §§ 2101-2109.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case and this Motion pursuant to 28 U.S.C. §§ 157 and 334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## II. ARGUMENT

### A. The Complaint Should be Dismissed Because It Unnecessarily Duplicates the Claims Process and Wastes the Limited Resources of the Estate.

---

[4] Under the Debtor's Plan, the Former Employees will receive the full $10,000 priority amount of their pre-petition wages, which for most former Employees represents the entire amount of their unpaid wage claims in this case.

The Complaint should be dismissed by the Court as a duplication of the normal claims process in this bankruptcy case and as an unnecessary waste of the limited resources of the Debtor's Estate. In addition to filing the Complaint, several named Plaintiffs have also filed proofs of claims that are duplicative of and seek remuneration for the same wage claims that are asserted in the Complaint. On or about August 21, 2007 through August 28, 2007 and prior to the August 30, 2007 filing of the Complaint, Plaintiffs Sheila Hart, Susan Howard, Jennifer Hurtado and Tirzah Rolle filed proofs of claims in Debtors' bankruptcy case based upon the same alleged claims that are the subject of the Adversary Proceeding. Thus, four (4) of the eight (8) named Plaintiffs filed proofs of claim before the Complaint was filed. The underlying facts are relatively straightforward and the matters alleged in the Complaint can be handled efficiently through the normal claims process already initiated by the filing of proofs of claims. See In re Conston, Inc., 181 B.R. 175 (Bankr. D. Del. 1995) (dismissing the adversary proceeding as duplicative of proof of claim).

This Court has directed the clerk to maintain a claims register in the Chapter 11 case. To date, in addition to several of the named Plaintiffs making use of the registry for future relief, over 2,000 similarly situated Former Employees have filed proof of claim forms. As observed by the Court in its October 23, 2007 *Order Authorizing Clerk To Post Claims Register On Web Site* (the "Claims Order"), there already is substantial duplication of claims filed in this case (mostly by Former Employees): "[t]he clerk reports that his office receives many calls daily from creditors who have filed claims requesting clerk

staff to verify that their claims have been filed with the [C]ourt.... In this case there are approximately 6,000 ex-employees who are owed wages and these claimants have been very insistent on verifying that their claims have been filed, they will re-file the claim, resulting in one or more duplicate claims." Under the circumstances, the Court should not allow the Complaint to add to an already duplicative claims process in this case.

Through the Claims Order, the Court correctly, fairly, and most efficiently addresses the underlying issue with having duplicative claims filed in this case: "[t]he court has directed that the clerk maintain the claims register in this [C]hapter 11 case which eliminates any administrative expenses the debtor would incur if the debtor were to employ a claims agent to process the claims. As a result, the estate funds that would otherwise be used to pay for a claims agent should be available for distribution to creditors." In the event Plaintiffs' claims are compensable, extended litigation through the Adversary Proceeding of issues that are easily handled through the claims objection process will only divert the limited assets of this Estate from payment of creditor claims to payment of professional fees needed to sort out more duplicated claims.

Further, there will be no harm to the Plaintiffs if the Court dismisses the Adversary Proceeding. As discussed above, the majority of the named Plaintiffs have already adequately protected their interests by filing proofs of claim in the case. Thus, the majority of the Plaintiffs already are in a position to assert their claims without the unnecessary and expensive litigation that will accompany this Adversary Proceeding. The balance of the Plaintiffs can easily file proofs of claim as well. In sum, First Magnus

respectfully requests that the Court dismiss the Adversary Proceeding as duplicative, unnecessary and wasteful and order that the Plaintiffs prosecute their claims through the normal claims process.

**B. Irrespective Whether the Claims are Handled Through the Claims Process or Via Adversary Proceeding, Plaintiffs are not Entitled to First Priority Administrative Expense Claim Status for Their Alleged Pre-Petition Wages.**

Through the Complaint, Plaintiffs seek to elevate their pre-petition wage claims to the status of an administrative expense. There is no basis in law or fact to support Plaintiffs' request; thus, the administrative expense claim in the Complaint should be dismissed summarily.

Chapter 11 reorganization provides a business an opportunity to reorganize its financial affairs for the benefit of its employees, its shareholders and its pre-petition and post-petition creditors. United States v. Whiting Pools, Inc., 462 U.S. 198 203, 103 S.Ct. 2309, 2312, 76 L.Ed.2d 515 (1983). In order to provide incentives and special protections to post-petition creditors to work with a business in bankruptcy, Congress (through the Bankruptcy Code) affords post-petition creditors with first priority status under 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(1). Specifically, the Code provides that administrative expenses of a bankruptcy estate are to be accorded a first priority of payment. 11 U.S.C. § 507(a)(1). The Code defines administrative expenses as "the actual, necessary costs and expenses of *preserving the estate*, including wages, salaries, and commissions for services rendered *after* the commencement of the case[.]"[emphasis added]. 11 U.S.C. § 503(b)(1)(A). The terms "actual" and "necessary" are construed narrowly and "must be

PHX 327989214v5

- 8 -

the actual and necessary cost of preserving the estate for the benefit of its creditors." In re Dant & Russell, Inc., 853 F.2d 700, 706 (9th Cir.1988).

The Code "divides wage claims into categories of pre- and post-petition, and accords varying levels of priority to those claims." In re Palau Corporation, 18 F.3d 746, 749 (9th Cir. 1993). "Post-petition wages deemed necessary for the preservation of the bankruptcy estate are treated as though fully secured and are accorded first priority treatment; pre-petition wages earned within [180] days of the employer's bankruptcy filing are treated as if partially secured…and receive third priority treatment; while all other wages…are treated as unsecured." Id.

"The moving party bears the burden of proving that its claim is entitled to administrative expense priority." In re Nat'l Steel Corp., 316 B.R. 287, 300 (N.D. Ill. 2004). To establish an administrative expense claim, Plaintiffs must show that their claims arise from a transaction with the debtor in possession as opposed to the pre-petition entity, and that their claims directly and substantially benefited the estate. Microsoft Corp v. DAK Indus., Inc. (In re DAK Indus., Inc.), 66 F.3d 1091, 1094 (9th Cir.1995).

At best, Plaintiffs are seeking to elevate pre-petition wage claims into administrative priority wage claims through a "constructive" theory that, by any account, has nothing to do with preserving or benefiting the Estate. The administrative expense claim in the Complaint should be dismissed because Plaintiffs concede that their claims are not based on work performed during the post-petition period. The Bankruptcy Code and corresponding case authority is crystal clear: absent post-petition services rendered,

there is no post-petition benefit to the estate to justify an administrative expense wage claim. In re Continental Airlines, Inc., 148 B.R. 207, 212 (D.Del.1992) ("Section 503(b)(1)(A) clearly requires that for wage claims to qualify for administrative priority status a service must have been rendered to the estate post-petition."); In re Palau Corp, 18 F.3d at 751("where the employee does not work during the post-petition period, there is no post-petition benefit to the estate and no post-petition conduct to justify the allowance of backpay as an administrative expense.") Further, the "benefits" sought by Plaintiff are for "constructive" wages, which are not provided by the Code. In re Eage Bus Mfg., Inc., 158 B.R. 421 (S.D.Tex., 1993) ("this court is of the opinion that to hold "constructive" wages are to be afforded administrative priority would require the Court to completely ignore the express Congressional directives that expenses afforded administrative priority be for "actual" and "necessary" wages, salaries or commissions"). As a result, First Magnus respectfully requests that the Court dismiss the request in the Complaint for a first priority administrative expense claim for the Plaintiffs/Former Employees.

**C. Likewise, Plaintiffs Are Not Entitled To Administrative Expense Status for Attorneys' Fees.**

In the Complaint, Plaintiffs seek allowance as an administrative expense for their attorneys' fees (and related costs and disbursements). There is no basis in law or fact to support Plaintiffs request to classify their attorneys' fees as an administrative expense and, therefore, this request for relief should be dismissed as well.

Under similar circumstances, the Ninth Circuit refused to grant administrative expense status to legal fees incurred post-petition because they were incurred in defending litigation that resulted from pre-petition obligations. <u>Christian Life Ctr. Litigation Defense Comm. v. Silva (In re Christian Life)</u>, 821 F.2d 1370 (9th Cir. 1987). The Ninth Circuit explained its refusal to grant administrative status to attorneys' fees incurred with respect to a pre-petition claim by stating that "[a]lthough the legal fees expended in defending a corporate officer in <u>In re Christian Life</u> were actually incurred post-petition, we held that the claim arose pre-petition because the corporation's obligation to indemnify the officer arose from pre-petition services, i.e., it was a form of compensation." <u>Siegel v. Federal Home Loan Mortg. Corp.</u>, 143 F.3d 525, 533 (9th Cir. 1998) (citations omitted). In reaching its conclusion, the Ninth Circuit "emphasized that it makes no difference that the duty to indemnify [the officer] for litigation expenses...did not accrue until after the petition was filed when [the officer] incurred those expenses; the critical fact is that the claim for indemnity arose from pre-petition services [the officer] provided the corporation." <u>Id</u>; <u>see also</u> <u>Abercrombie v. Hayden Corp. (In re Abercrombie)</u>, 139 F.3d 755 (9th Cir. 1998) (fees not entitled to administrative priority despite their incurrence post-petition).

In the present matter, Plaintiffs' claims arise from an alleged breach of the WARN Act that occurred pre-petition — i.e. that the Debtor should have given Plaintiffs notice of their layoff at least sixty (60) days prior to termination (that is, on a date <u>preceding</u> the Debtor's filing of its petition). Compl. ¶ 41. Consequently, any attorneys' fees incurred

by Plaintiffs necessarily relate to alleged pre-petition and not post-petition conduct of the Debtor. Therefore, any attorneys' fees incurred by Plaintiffs in prosecuting this action are not entitled to administrative expense status, and the Court should dismiss the portion of the Complaint that requests the award of attorneys' fees as an administrative expense priority.[5]

### III. CONCLUSION

WHEREFORE, First Magnus respectfully requests that the Court:

1.  Dismiss the Complaint as duplicative;

2.  Deny any first priority administrative expense to any claim asserted in the Complaint; and

3.  Grant First Magnus such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 31st day of October, 2007.

GREENBERG TRAURIG, LLP

/s/ John R. Clemency

John R. Clemency (SBN 009646)
Lawrence J. Rosenfeld (SBN 004426)
Garland A. Brown, Jr. (SBN 023123)
2375 East Camelback Road
Phoenix, AZ 85016
Telephone: (602)445-8000
Fax: (602)445-8100

Attorneys for
First Magnus Financial Corporation

COPIES of the foregoing were served
this 31st day of October, 2007, via first-class,

---

[5] First Magnus maintains that there is no basis for the allowance of attorneys' fees to the Plaintiffs at any level.

| | |
|---|---|
| 1 | U.S. Mail, Email or Facsimile, on the Service List attached to the Court's Copy Only. |
| 2 | |
| 3 | /s/ *signature* |
| 4 | |

Stephanie L. Cooper
Michael W. Chen
The Cooper Castle Law Firm
820 South Valley View Blvd
Las Vegas, NV 89107
**fax: 702-435-4181**

Linda Boyle
Time Warner Telecom
10475 Park Meadows Drive
Littleton, CO 80124
Attn: Legal Department
**303-566-1010**

First Magnus Lender Services
c/o Jeff Arnold
5255 E. Williams Cir, Ste 2020
Tucson, AZ 85711
**520-917-5296**

John Schlotter
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076
**770-643-4176 Fax**
Authorized Agent for Countrywide Home Loans, Inc.

John D. Schlotter
McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA 30076
**Fax 770-643-4176**

Paul Caruso
Sidley Austin, LLP
1 South Dearborn
Chicago, IL 60603
**Fax: 312-853-7036**

Zachary Mosner
Assistant Attorney General
800 Fifth Avenue, Suite 20000
Seattle, WA 98104-3188
**Fax: 206-587-5150**

Kenton Hambrick
8200 Jones Branch Drive, MS 202
McLean, VA 22102
**Fax: 703-903-3691**
Attorneys for Federal Home Loan Mortgage Corp.

Buckley Kolar LLP
c/o Lisa Davila
1250 24th St NW, Suite 700
Washington, DC 20037
**202-349-8080**

Kirkland & Ellis
c/o Gracie Ruiz
777 South Figueroa Street
Los Angeles, CA 90017
**213-680-8500**

R. Frederick Linfesty
Iron Mountain Information Management, Inc.
745 Atlantic Avenue
Boston, MA 02111
**617-451-0409 Fax**

Ronald K. Brown
Law Offices of Ronald K. Brown, Jr.
901 Dove Street, Suite 120
Newport Beach, CA 92660
**Fax: 949-250-3387**
Attorneys for TA Realty

Curt R. Craton
Shannon C. Switzer
Craton & Switzer LLP
100 Oceangate, Suite 1200
Long Beach, CA 90802
**Fax: 562-628-5534**

Marty Sosland
Weil Gotshal & Manges
200 Crescent Court, Suite 300
Dallas, TX 75201
martin.sosland@weil.com

HX 327941307v1

Michael McGrath  
Lowell Rothschild  
Mesch Clark & Rothschild PC  
259 N. Meyer  
Tucson, AZ 85701  
mmcgrath@mcrazlaw.com  
lrothschild@mcrazlaw.com  

Philip R. Rudd  
Kutak Rock LLP  
8601 N. Scottsdale Road, Suite 300  
Scottsdale, AZ 85253  
philip.rudd@kutakrock.com  

   Terri Roberts  
   German Yusufov,  
   32 North Stone Avenue, Suite 2100  
   Tucson, AZ 8570  
   terri.roberts@pcao.pima.gov  
   german.yusufov@pcao.pima.gov  
Attorneys for Creditor Pima County, AZ  

Richard D. Holper  
THE HOLPER LAW GROUP PLLC  
16853 E. Palisades Blvd., Suite 201  
Fountain Hills, AZ 85268  
rdh@lshlegal.com  

Robert J. Miller, Bryce A. Suzuki and Edward M. Zachary  
Bryan Cave LLP  
Two North Central Avenue, Suite 2200  
Phoenix, AZ 85004  
rjmiller@bryancave.com, bryce.suzuki@bryancave.com,  
edward.zachary@bryancave.com  
Attorneys for The Bank of New York  

Clifford B. Altfeld  
Altfeld Battaile & Goldman PC  
250 N. Meyer Avenue  
Tucson, AZ 85701  
cbaltfeld@abgattorneys.com  
Attorneys for Pyro Brand Development, LLC and The Richards Group  

Timothy H. Barnes  
Brier, Irish, Hubbard & Erhart, PLC  
2400 E. Arizona Biltmore Circle, Site 1300  
Phoenix, AZ 85016  
tbarnes@bihlaw.com  
Attorneys for United Insurance Company of America  

Steve Cox  
Waterfall Economidis Caldwell Hanshaw & Villamana PC  
5210 E. Williams Circle  
Tucson, AZ 85711  
Steven.Cox@azbar.org  

Samir Parikh  
Latham & Watkins  
633 W. Fifth Street, Suite 4000  
Los Angeles, CA 90071  
samir.parikh@lw.com  
Attorneys for WNS North America Inc.  

Christopher H. Bayley  
SNELL & WILMER LLP  
One Arizona Center  
400 E. Van Buren  
Phoenix, AZ 85004  
cbayley@swlaw.com  
Attorneys for Creditor First Magnus Capital, Inc.  

Ronald E. Reinsel  
Trevor W. Swett  
Caplin & Drysdale  
One Thomas Circle NW  
Washington, DC 20005  
rer@capdale.com; tws@capdale.com  
Attorneys for UBS Real Estate Securities, Inc.  

Jamie R. Welton  
Lackey Hershman  
3102 Oak Lawn Avenue, Suite 777  
Dallas, TX 75219  
jrw@lhlaw.net  
Attorneys for Pyro Brand Development, LLC and The Richards Group  

Russell C. Brannen, Jr.  
O'Neil Cannon Hollman Dejong SC  
111 E. Wisconsin Ave, Suite 1400  
Milwaukee, WI 53202  
russ.brannen@wilaw.com  
Attorneys for Paul V. Diamond  

Matthew R.K. Waterman  
Snell & Wilmer LLP  
One South Church Avenue, Suite 1500  
Tucson, AZ 85701  
mrwaterman@swlaw.com  
Attorneys for National Bank of Arizona

Craig Raby
1275 West Washington
Phoenix, AZ 85007
Craig.Raby@azag.gov
Attorneys for Arizona Department of Financial Institutions

Nancy March
DeConcini McDonald Yetwin & Lacy PC
2525 E. Broadway Blvd., Suite 200
Tucson, AZ 85716
nmarch@dmyl.com
Attorneys for WNS North America, Inc.

Robert J. Rosenberg
Michael J. Riela
Latham & Watkins LLP
53rd at Third, Suite 1000
885 Third Avenue
New York, NY 10022
robert.rosenberg@lw.com
michael.riela@lw.com

Katrina Rumph
Ikon Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210
krumph@ikon.com

Jeremy T. Bergstrom
Miles, Bauer, Bergstrom & Winters LLP
2200 Paseo Verde Pkwy., Suite 250
Henderson, NV 89052
jbergstrom@mileslegal.com
Attorneys for Countrywide Home Loans, Inc.

Michael R. Pfeifer
Libby Wong
Pfeifer & Reynolds, LLP
765 The City Drive, Suite 380
Orange, CA 92868
mpfeifer@pfeiferlaw.com
lwong@pfeiferlaw.com
Attorneys for Lighthouse Real Estate Solutions

Sean O'Brien
Gust Rosenfeld PLC
201 E. Washington Street, Suite 800
Phoenix, AZ 85004
spobrien@gustlaw.com
Attorneys for Official Committee of Unsecured Creditors

Robert E. Michael
Robert E. Michael & Associates PLLC
950 Third Avenue, Suite 2500
New York, NY 10022
robert.e.michael.esq@gmail
Attorneys for WNS North America, Inc.

Charles J. Filardi, Jr.
Filardi Law Offices LLC
65 Trumbull Street, 2nd Floor
New Haven, CT 06510
charles@filardi-law.com
Attorneys for Federal Express Corporation

Scott D. Gibson
Kristen M. Green
Gibson, Nakamura & Green, PLLC
2941 N. Swan Road, Suite 101
Tucson, AZ 85712
sgibson@gnglaw.com
kgreen@gnglaw.com
Attorneys for Allegra Print & Imaging

Michael D. Warner, Managing Partner
WARNER STEVENS, L.L.P.
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
mwarner@warnerstevens.com
robaldo@warnerstevens.com, jresler@warnerstevens.com
Attorneys for Official Committee of Unsecured Creditors

David E. McAllister
Pite Duncan, LLP
525 E. Main Street
El Cajon, CA 92022
dmcallister@piteduncan.com
Attorneys for Chevy Chase Bank, FSB

James E. Cross
Brenda Martin
Jason J. Romero
Osborn Maledon, PA
2929 N. Central Avenue, Suite 2100
Phoenix, AZ 85012
jcross@omlaw.com; bmartin@omlaw.com;jromero@omlaw.con
Proposed Special Counsel for the Debtor

Lance N. Jurich
Vadim Rubinstein
Loeb & Loeb
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
ljurich@loeb.com
vrubinstein@loeb.com
Attorneys for Merrill Lynch

Daniel P. Colllins
Collins, May, Potenza, Baran & Gillespie, PC
2210 Chase Tower
201 North Central Suite 2210
Phoenix, AZ 85073
dcollins@cmpbglaw.com

Rob Charles
Susan Freeman
Lewis & Roca LLP
40 N. Central Avenue
Phoenix, AZ 85004
RCharles@LRLaw.com - SFreeman@LRLaw.com
Attorneys for Buyers under the Mortgages Loan Repurchase Agreement

Stanford E. Lerch, Esq.
Lerch & Deprima, PLC
4000 North Scottsdale Rd, Suti 107
Scottsdale, AZ 85251
slerch@ldlawaz.com
Attorneys for Anna Tran

Robert P. Harris
Kasey C. Nye, Brian Sirower
Quarles & Brady LLP
One South Church Avenue, Suite 1700
Tucson, AZ 85701
rharris@quarles.com
knye@quarles.com, bsirower@quarles.com
Attorneys for UBS Real Estate Securities, Inc.

Hilary B. Bonial
Brice, Vander Linden & Wernick PC
9441 LBJ Freeway, Suite 350
Dallas, TX 75243
notice@bkcylaw.com
Attorneys for CitiMortgage, Inc.

Jeffrey Wisler
Chirstina Thompson
Connolly Bove Lodge & Hutz LLP
The Nemours Bldg, 1007 N. Orange Street
Wilmington, DE 19899
jwisler@cblh.com
cthompson@cblh.com
Attorneys for Stoltz Management of Delaware, Inc.

Eric Slocum Sparks
Law Office of Eric Slocum Sparks
110 South Chruch Avenue #2270
Tucson, AZ 85701
eric@ericslocumsparkspc.com
Attorneys for Ronald J. Gapp, Giuseppe Fusco, and Herbert Eugene Lewis

Scott K. Rutsky
Adam T. Berkowitz
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036-8299
srutsky@proskauer.com
aberkowitz@proskauer.com

Andrew Denatale
Scott Greissman
White & Case LLP
1155 Avenue of the Americas
New York, NY 10036
adenatale@whitecase.com
sgreissman@whitecase.com

John T. Siegler
ASK Financial LLP
2600 Eagan Woods Drive
Eagan, NM 55121
Attorneys for Americom Inc.
JSiegler@askfinancial.com

Shelton L. Freeman
DeConcini McDonald Yetwin & Lacy, PC
7310 N. Sixteenth Street, Suite 330
Phoenix, AZ 85020
tfreeman@dmylphx.com
Attorneys for Joseph's Appraisal Group AZ, Inc.

Walter H. Gilbert
Ryan J. Bird
Almquist & Gilbert, PC
10245 E. Via Linda, Suite 106
Scottsdale, AZ 85258
wgilbert@almquist.com
rbird@almquist.com

Mark Bosco
Leonard McDonald
Tiffany & Bosco
2525 E. Camelback Rd, Suite 300
Phoenix, AZ 85016
msb@tblaw.com
ljm@tblaw.com
Attorneys for Countrywide Home Loans, Inc.

John Fries
Ryley Carlock & Applewhite
One North Central Avenue, Suite 1200
Phoenix, AZ 85004
jfries@rcalaw.com
Attorneys for Time Warner Telecom of Arizona, LLC

James B. Ball
Poli & Ball PLC
2999 North 44th Street, Suite 500
Phoenix, AZ 85018
ball@poliball.com
Attorneys for Bank of America, NA

Robert Hacket
Gregory Falls
Mohr, Hackett, Pederson, Blakley, et al
2800 N. Central Ave., Suite 1100
Phoenix, AZ 85004
rhackett@mhplaw.com
gfalls@mhplaw
Attorneys for J. McInery, M. Sukenik, B. & R. Swan, R. Walcher, J. Burkley, K. Swan, S. West and R & S White

John K. McAndrew
Woods Oviatt Gilman LLP
700 Crossroads Building
2 State Street
Rochester, NY 14614
jmcandrew@woodsoviatt.com
Attorneys for Function5 Technology Group

Lance N. Jurich
Loeb & Loeb, LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
ljurich@loeb.com
Attorneys for Merrill Lynch Bank USA

Ali J. Farhang
Fennemore Craig PC
One South Church Avenue, Suite 1000
Tucson, AZ 85701
afarhang@fclaw.com

Steven N. Berger
Engleman Berger, PC
3636 North Central Avenue, Suite 700
Phoenix, AZ 85012
snb@engelmanberger.com
Attorneys for MCA Financial Group, Ltd.

Renee Sandler Shamblin
Office of U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003
Renee.S.Shamblin@usdoj.gov

R. Michael Farquhar
Winstead PC
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270
mfarquhar@winstead.com
Attorneys for Bank of America, NA

Steven W. Kelly
Silver & DeBoskey
1801 York Street
Denver, CO 80206
skelly@s-d.com
Attorneys for Brookwood Tamarac Plaza Investors, LLC

Carolyn J. Johnsen
Jennings Strouss & Salmon PLC
The Collier Center, 11th Floor
201 East Washington Street
Phoenix, AZ 85004
cjjohnsen@jsslaw.com
Attorneys for Merrill Lynch Bank USA

John Fries
Ryley Carlock & Applewhite
One North Central Avenue, Suite 1200
Phoenix, AZ 85004
jfries@rcalaw.com
Attorneys for Wells Fargo Bank, NA and Wells Fargo Funding, Inc.

Robert C. Hackett
Gregory Falls
Mohr, Hackett, Pederson, Blakley & Randolph, PC
2800 N. Central Avenue, Suite 1100
Phoenix, AZ 85004
rhackett@mhplaw.com
gfalls@mhplaw.com
Attorneys for Flagstaff Ranch Creditors

Franklin D. Dodge
Ryan Rapp & Underwood, PLC
3101 North Central Avenue, Suite 1500
Phoenix, AZ 85012
tdodge@rwrplc.com
Attorneys for Docusafe of Phoenix, Inc.

Michael D. Breslauer
Solomon Ward Seidenwurm & Smith
401 B Street, Suite 1200
San Diego, CA 92101
mbreslauer@swsslaw.com
Attorneys for Margaret Phoenix

HX 327941307v1

Robert J Spurlock
Bonnett Fairbourn Friedman & Balint PC
2901 N. Central venue, Suite 1000
Phoenix, AZ 85012
bspurlock@bffb.com
Attorneys for Patricia & Jamie Puerto et al.

Josephine E. Piranio
Pite Duncan, LLP
525 E. Main Street
El Cajon, CA 92022
jpiranio@piteduncan.com
Attorneys for Homecomings Financial LLC

Edmund J. Wood
Wood & Jones, PS
303 N. 67th Street
Seattle, WA 98103
ewood1@aol.com
Chapter 7 Trustee for Bankruptcy Estate of Sem Doeum and Yun Samay

Madeleine C. Wanslee
Gust Rosenfeld PLC
201 E. Washington, Suite 800
Phoenix, AZ 85004
mwanslee@gustlaw.com
Attorneys for Arizona Central Credit Union

HX 327941307v1