1  Christopher H. Bayley (#010764)
   Jonathan Saffer (#022004)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren
   Phoenix, Arizona 85004-2202
4  Telephone: (602) 382-6000
   Email:  cbayley@swlaw.com
5          jmsaffer@swlaw.com
   Attorneys for First Magnus Capital, Inc.
6

7              IN THE UNITED STATES BANKRUPTCY COURT

8                  FOR THE DISTRICT OF ARIZONA

9

10  In Re:                                  | In Proceedings Under Chapter 11
                                            | Case No. 07-01578-TUC-JMM
11  FIRST MAGNUS FINANCIAL
    CORPORATION,
12                                          | ADV. No. 07-0060
               Debtor.
13  ─────────────────────────────           | **FMCI'S MOTION TO DISMISS FOR:**
                                            | **(i) LACK OF SUBJECT MATTER**
14  JENNIFER BINFORD, SHEILA                 | **JURISDICTION; and (ii) FAILURE**
    HART, SUSAN HOWARD,                      | **TO STATE A CLAIM**
15  JENNIFER HURTADO, SHEILA
    LOEBS, KELLY PLUMMER, TIRZAH
16  ROLLE and TWANA WRIGHT on
    behalf of themselves and all others
17  similarly situated,

18               Plaintiffs,
    vs.
19  FIRST MAGNUS FINANCIAL
    CORPORATION and FIRST
20  MAGNUS CAPITAL, INC.,

21               Defendants.

22          Defendant First Magnus Capital, Inc. ("FMCI"), by and through undersigned

23  counsel, hereby moves to dismiss the First Amended Complaint ("Complaint") brought by

24  Jennifer Binford, Sheila Hart, Susan Howard, Jennifer Hurtado, Sheila Loebs, Kelly

25  Plummer, Tirzah Rolle and Twana Wright ("Plaintiffs") for the reasons that this Court

26  lacks subject matter jurisdiction to resolve a class action dispute against a non-debtor third

27  party, and because the Complaint fails to state a claim upon which relief may be granted

28

    477994.2

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

against FMCI.  This motion is supported by the following Memorandum of Points and Authorities, as well as the Court's entire record on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### FACTS AND PROCEDURAL HISTORY

1.      On August 21, 2007, First Magnus Financial Corporation ("FMFC"), the debtor and debtor-in-possession in the above-referenced administrative case, filed for Bankruptcy protection under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.      Prior to the petition date, FMFC was engaged in the business of originating, purchasing and selling mortgage loans secured by residential property.  As of the end of 2006, FMFC was one of the nation's largest privately-held mortgage companies, with over 5,500 employees and a total of 335 branch offices spread throughout all 50 states.  In 2006, FMFC originated in excess of $30 billion in mortgages, which it funded through monies borrowed from certain large financial institutions such as Washington Mutual and UBS.

3.      In August 2007, the mortgage lending industry was hit with a crippling liquidity crisis that adversely impacted nearly every major mortgage originator, investor, and lender, culminating in the closure or bankruptcy of at least 250 businesses within the industry.  In August 2007, FMFC's lenders, that had been lending FMFC the vast majority of the monies necessary for FMFC to fund mortgage loans, terminated their credit lines to FMFC.  In light of the veritable collapse of the mortgage industry, all measures taken by FMFC to procure alternative credit lines proved unsuccessful—and, being without a source of monies to continue to fund mortgages, FMFC was forced to cease operations and file for Chapter 11.

4.      FMCI is the holding company for FMFC and owns 100% of the outstanding stock in FMFC.  FMCI was formed by FMFC's management team in 2006 for the purpose of owning and operating a federally chartered thirft.  FMCI was formed for the purpose of separating the company's prospective retail banking operations from its existing mortgage

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

477994.2

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  banking operations.

2      5.      As of August 2007, retail banking operations had not yet commenced.

3  When the mortgage industry liquidity crisis began to adversely impact FMFC , FMCI

4  loaned to FMFC approximately $10 Million in an attempt to sustain FMFC's operations.

5  The $10 Million loan from FMCI to FMFC was itself a loan from Thomas W. Sullivan,

6  Sr., one of FMCI's principal shareholders, to FMCI.   Unfortunately, this cash infusion

7  was not enough to keep FMFC operating.

8      6.      On Thursday, August 16, 2007, FMFC sent a notice via e-mail to all

9  employees notifying them that:

> As we advised you yesterday, due to unprecedented conditions in both the
> national real estate market and the secondary mortgage market, First
> Magnus has been forced to stop accepting new loan applications or funding
> loans. Unfortunately, that means that we shut down all or substantially all
> of our operations effective today, August 17, 2007, and therefore have
> triggered a "plant closing" and/or "mass layoff" as defined by under the
> federal Workers Adjustment and Retraining Notification Act ("WARN
> Act") 29 U.S.C. § 2102.

Thereafter, on Friday, August 17, 2007, FMFC ceased operations.

      7.      On August 29, 2007, Plaintiffs filed the present suit against FMFC and

FMCI seeking a priority wage claim in FMFC's Chapter 11 case pursuant to 11 U.S.C. §

503 for certain sums allegedly due under the WARN Act.  Plaintiffs further seek to

qualify their Complaint as a class action on behalf of themselves and similarly situated

former FMFC employees.

**II.**

**LEGAL ARGUMENT**

**I.      THE COURT LACKS SUBJECT MATTER JURISDICTION TO RESOLVE
THIS DISPUTE AS BETWEEN PLAINTIFFS AND FMCI.**

A bankruptcy court has jurisdiction over "all civil proceedings arising under title

11, or arising in or related to cases under title 11."  28 U.S.C. § 1334(b).  Proceedings

"arising in" bankruptcy cases are generally referred to as "core" proceedings, and

essentially are proceedings that would not exist outside of bankruptcy, such as "matters

concerning the administration of the estate," "orders to turn over property of the estate,"

477994.2

and "proceedings to determine, avoid, or recover preferences." *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). The bankruptcy court also has jurisdiction over a much broader set of cases: those proceedings that are non-core but otherwise "related to" a bankruptcy case. *Id.*

In order for the bankruptcy court to have jurisdiction over a proceeding, it must be at least "related to" a case under title 11. 28 U.S.C. § 157(c)(1). The Ninth Circuit has adopted the "*Pacor* test" for determining the scope of "related to" jurisdiction. *Id.* Under this formulation, the test is whether "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)). The matter does not need to "directly involve the debtor, as long as it 'could alter the debtor's rights [or] liabilities,' but an 'extremely tenuous connection' will not suffice." *Sanders Confectionery Products, Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 482 (6th Cir. 1992). Moreover, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1334(b)." *Pacor*, 743 F.2d at 994. Finally, the bankruptcy court's jurisdiction may extend to suits between non-debtor parties only if the action has "an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 1498 n. 5, 131 L.Ed.2d 403 (1995).

By their Complaint, Plaintiffs have asked, pursuant to 29 U.S.C. § 2102, that up to 60 days worth of additional salary be added to their respective claims against FMFC, and that up to $10,000 of their augmented claims be classified as priority wage claims pursuant to 11 U.S.C. § 503. Plaintiffs have not asked for any affirmative relief from FMCI. Rather, their prayer for relief focuses solely on the amount and priority of their claims against FMFC's bankruptcy estate. Under these circumstances, FMCI's presence in this case as a defendant cannot possibly have any effect on the administration of Debtor's bankruptcy estate. Plaintiffs are either entitled to an expanded priority claim in FMFC's bankruptcy proceedings or they are not. In any event, there is nothing the Court

477994.2

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  can resolve positively or negatively against FMCI that can influence this question. Thus

2  the Court lacks jurisdiction to resolve a dispute between Plaintiffs and FMCI, to the extent

3  one even exists.

4  Indeed, the Complaint appears to address solely the size and priority of their

5  respective claims, against FMFC. In this regard, the Complaint is merely duplicative of

6  the claims process, and is properly prosecuted within the administrative case and not as an

7  adversary proceeding. FMFC has proposed a liquidating plan and does not intend to

8  reorganize. Consequently, the size and relative priority of Plaintiffs' claims would appear

9  to have no real impact on FMFC, but may, however, drastically impact other creditors'

10 prospects for a recovery. Such creditors are the real parties affected by Plaintiffs'

11 Complaint, and should not be required to intervene in these proceedings in order to protect

12 their interests. Rather, Plaintiffs' claims should be resolved through the normal claims

13 process, with interested parties lodging objections. Regardless, this Court lacks

14 jurisdiction to drag FMCI, a non-debtor third party, into what is really nothing more than

15 a claims dispute.

16 **II.  PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH
   RELIEF MAY BE GRANTED AGAINST FMCI.**

17

18 Pursuant to Rule 7012, Bankruptcy Rules of Procedure, Rule 12, Federal Rules of

   Civil Procedure, is applicable in adversary cases. A court may dismiss an adversary case
19
   under Rule 12(b)(6) if the complaint fails to state a cause of action upon which relief may
20
   be granted. Fed. R. Civ.P. 12(b)(6). If the plaintiff can prove no set of facts in support of
21
   its claim which would entitle it to the relief sought, the claim should be dismissed.
22
   Terracom v. Valley National Bank, 49 F.3d 555, 558 (9th Cir. 1995), citing Conley v.
23
   Gibson, 355 U.S. 41, 45-46 (1957). Most importantly, conclusory allegations of law and
24
   unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a
25
   claim. Epstein v. Washington Energy Co., 83 F.3d 1136, 1139 (9th Cir. 1996), citing In re
26
   VeriFone Sec. Litig., 11 F.3d 865, 868 (9th Cir. 1993).
27
28 As previously stated, Plaintiffs seek no affirmative relief in their Complaint against

477994.2

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  FMCI. By their Complaint, Plaintiffs merely seek to establish that their respective claims

2  include up to an additional 60 days worth of salary and are classified as priority wage

3  claims in FMFC's bankruptcy proceedings. Plaintiffs do not seek an award of damages

4  against FMCI. Thus, FMCI may suffer no ill-effect were it to simply stipulate to

5  Plaintiffs' prayer for relief. Consequently, Plaintiffs' Complaint fails to state a claim

6  upon which relief may be granted as to FMCI and must be dismissed pursuant to Rule

7  7012.

8  **III.    FMCI DOES NOT CONSENT TO THE BANKRUPTCY COURT
    ENTERING FINAL ORDERS ON THE CAJIGASES' NEWLY-DEVISED**

9  **COUNT VII CLAIMS.**

10      In "core" proceedings, the bankruptcy court may hear, determine, and enter final

11  orders and judgments. 28 U.S.C. § 157(b)(1); *Dunmore v. U.S.*, 358 F.3d 1107, 1114 (9th

12  Cir. 2004). In contrast, in "non-core" proceedings, the bankruptcy court is limited to

13  hearing the matter and submitting proposed findings of fact and conclusions of law to the

14  district court. 28 U.S.C. § 157(c)(1); *Dunmore*, 358 F.3d at 1114. The district court

15  reviews de novo any finding or conclusion objected to and enters a final order and

16  judgment. *Id.* If the parties consent, the district court may expand the bankruptcy court's

17  power to adjudicate non-core proceedings to include the power to issue final orders and

18  judgments. *See* 28 U.S.C. § 157(c)(2); *Dunmore*, 358 F.3d at 1114. However, the

19  Bankruptcy Court may not enter final orders in non-core proceedings unless both parties

20  consent.

21      Plaintiffs have alleged that their Complaint constitutes a core proceeding and, in

22  fact, this may be true at least as it pertains to the relief sought against FMFC. However,

23  the Complaint is clearly non-core as it pertains to FMCI—any relief that could possibly be

24  afforded pursuant to the WARN Act against FMCI, a non-debtor, clearly does not "arise

25  in", but rather exists outside of bankruptcy. *See e.g.*, *Pegasus*, 394 F.3d at 1193 ("Core"

26  proceedings are proceedings "arising in" and that would not exist outside of bankruptcy).

27  To the extent that the Court denies this Motion to Dismiss, FMCI does not consent to the

28  Court entering final orders on Plaintiffs claims under the WARN Act. *See* 28 U.S.C. §

477994.2

1  157(c). FMCI reserves the right to seek *de novo* review at the District Court of this

2  Court's proposed findings of fact and conclusions of law on these claims, and nothing

3  herein should be construed as a waiver of FMCI's rights under 28 U.S.C. § 157(c).

4  **IV.  CONCLUSION.**

5       The Court has no jurisdiction to resolve a dispute between Plaintiffs and FMCI as

6  there is nothing that can be determined against FMCI that can possibly affect the

7  administration of FMFC's bankruptcy estate. Indeed, Plaintiffs' Complaint does not even

8  state a claim upon which relief may be granted against FMCI, as it merely seeks to

9  establish a priority wage claim in FMFC's bankruptcy proceedings. Therefore, FMCI is

10  entitled to be dismissed as a defendant in these proceedings.

11       DATED this 31st day of October 2007.

SNELL & WILMER L.L.P.

13

By  /s/ Jonathan Saffer
    Christopher H. Bayley (#010764)
    Jonathan Saffer (#022004)
    One Arizona Center
    400 E. Van Buren
    Phoenix, Arizona  85004-2202
    Attorneys for First Magnus Capital, Inc.

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

477994.2