UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>FIRST MAGNUS FINANCIAL CORPORATION<br><br>Debtor. | |
| SHEILA HART, SUSAN HOWARD, JENNIFER HURTADO, KELLY PLUMMER, TIRZAH ROLLE, TAWANA WRIGHT, SHEILA LOEBS AND JENNIFER BINFORD on behalf of themselves and all others similarly situated,<br><br>Plaintiffs.<br><br>v.<br><br>FIRST MAGNUS FINANCIAL CORPORATION and FIRST MAGNUS CAPITAL, INC.,<br><br>Defendants. | Chapter 11<br>Case No. 04-bk-01578 (JMM)<br><br>Adversary No.: 07-ap-00060 (JMM) |

## MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

### Statement of the Matter Before the Court

Plaintiffs move this Court for an order (a)certifying a class, pursuant to the Federal Rule of Bankruptcy Procedure 7023 and Federal Rules of Civil Procedure 23, comprised of former employees of Defendants First Magnus Financial Corporation (FMFC) and First Magnus Capital, Inc. (FMCI), (collectively the "Defendants"), who (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about August 16, 2007, within 30 days of August 16, 2007, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on or about August 16, 2007, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii)

who have not filed a timely request to opt-out of the class; (b) appointing Outten & Golden, LLP, Nichols Kaster & Anderson, PLLP, and Raven, Awerkamp and Clancy, P.C., as Class Counsel, (c) appointing Plaintiffs Sheila Hart, Susan Howard, Jennifer Hurtado, Kelly Plummer, Tirzah Rolle, Tawana Wright, Sheila Loebs and Jennifer Binford as Class Representatives, (d) approving the form and manner of Notice to the Class of this class action, and (e) granting such other and further relief as this Court may deem proper.

The motion is also supported by the accompanying declarations of René S. Roupinian ("Roupinian Declaration") and of Plaintiffs Sheila Hart, Susan Howard, Jennifer Hurtado, Kelly Plummer, Tirzah Rolle, Tawana Wright, Sheila Loebs and Jennifer Binford ("Plaintiffs' Declarations").

**Statement of Background Facts**

Defendants owned and operated facilities in the mortgage lending industry. The Defendants' corporate headquarters was located at 603 North Wilmot, Tucson, Arizona (the "Tucson Facility"). Further, Defendants maintained and operated additional facilities, as that term is defined by the WARN Act, throughout, among other states, Arizona, California, Florida, Georgia, Texas and Tennessee (collectively the "Facilities").

During the relevant period, the Defendants operated as a "single employer" with respect to the Plaintiffs and other similarly situated former employees, as defined by the WARN Act (*See* Complaint). On or about August 16, 2007, Defendants terminated approximately 1,000 similarly situated employees at the Facilities. *(See* Complaint). None of the Defendants' employees received 60 days' advance written notice of their terminations as required by the WARN Act (*See* Plaintiffs' Declarations).

On August 21, 2007, Defendant FMFC filed a voluntary petition with this Court for

relief under Chapter 11 of Title 11 of the Bankruptcy Code.

## Prior Proceedings

On August 29, 2007, the Plaintiffs filed their Class Action Adversary Proceeding Complaint against the Defendants and amended that complaint on August 30, 2007 (the "Complaint"). The Complaint alleges a single Rule 23 class claim asserting that the Defendants violated the WARN Act. (Complaint ¶¶ 25-32). The Complaint further alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week within the United States; that the Defendants were a "single employer" as defined in the WARN Act; and that the Defendants effected "mass layoffs" or "plant closings", as defined in the WARN Act, at the Facilities that resulted in the loss of employment for at least 50 employees (Complaint ¶¶ 13, 34, 37-38).

The Complaint further alleges that the Plaintiffs and the other similarly situated former employees terminated on or about August 16, 2007, worked at facilities having 50 or more employees excluding part-time employees, as defined by the WARN Act, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the plant closings are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that these former employees did not receive from the Defendants 60 days' advance written notice, as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act (Complaint §§ 38-44).

The Complaint further alleges that the class is so numerous as to render joinder of all members impracticable; that adjudications with respect to individual class members would be dispositive of the interests of the class members; that a class action is superior to other available

methods for the fair and efficient adjudication of the controversy; that the Plaintiffs' claims are typical of the claims of the other class members; that the Plaintiffs will fairly and adequately protect and represent the interests of the Class; that the Plaintiffs have the time and resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving the WARN Act (Complaint ¶¶ 25-30).

On October 31, 2007, in lieu of answering Plaintiffs' Complaint, Defendants filed separate motions to dismiss. Defendant FMFC challenges Plaintiffs' right to bring an adversary proceeding complaint, asserting that Plaintiffs have violated the claims process. Additionally, it asserts that Plaintiffs' WARN damages and their counsel's attorneys fees should not be entitled to first priority administrative claim status. Defendant FMCI's motion asserts that this Court lacks standing to resolve a dispute against a non-debtor third party and, alternatively, Plaintiffs have failed to properly make out a claim against FMCI for WARN damages. Many of the arguments raised by Defendants are addressed and disposed of in the accompanying Motion. Contemporaneous to moving for class certification, Plaintiffs filed their motions in opposition to dismissal.

**ARGUMENT**

I. **THE NATURE OF THE WARN ACT AND DEFENDANTS' VIOLATION OF THE ACT.**

The WARN Act provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must provide sixty days' written notice to employees and to relevant local government entities. *See* 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees, 29 U.S.C. § 2101(a)(1), and there is no dispute about coverage here.

Defendants chose not to give sixty days' notice under the WARN Act to the employees

4

who would lose their jobs. The violation of the law was stark and obvious, as will become more clear during the substantive litigation of this dispute.

The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily-required notice. *See* 29 U.S.C. § 2104. And notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings to enforce the law and to obtain the statutory relief: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States . . . . " *See* 29 U.S.C. § 2104(a)(5). Our effort to obtain relief not only for the named Plaintiffs, but for others similarly situated, is an effort to pursue that goal which the statute expressly recognizes as appropriate.

## II. WARN CLAIMS ARE WIDELY RECOGNIZED BY THE COURTS TO BE ESPECIALLY APPROPRIATE FOR CLASS CERTIFICATION AND PLAINTIFFS' PROPOSED CLASS DEFINITION SHOULD BE APPROVED.

Courts have regularly held that the WARN Act is "particularly amenable to class litigation." Finnan v. L.F. Rothschild & Co., 726 F. Supp. 460, 465 (S.D.N.Y. 1989); See also Grimmer v. Lord, Day & Lord, 1996 WL 139649, *8 (S.D.N.Y.) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery."); New Orleans Clerks and Checkers Union Local 1497 v. Ryan-Walsh, Inc., 1994 U.S.Dist. LEXIS 2403 (E.D. La. 1994)( "the instant proceeding, a WARN action, falls squarely within the criteria for sanctioning a class.") .

Thus, violations of the WARN Act have given rise to numerous class action cases and class certification is routinely granted. See, e.g., Pearson v. Component Technology Corp., 247 F.3d 471 (3rd Cir. 2001) (former employees brought representative action on behalf of other employees against employer's secured creditor under the WARN Act); Jurcev v. Central

5

Community Hospital, 7 F.3d 618 (7th Cir. 1993) (employees who lost their jobs when hospital closed brought, on behalf of other former employees, an action against the hospital under the WARN Act); Jones v. Kayser-Roth Hosiery, 748 F. Supp. 1276 (E.D. TN. 1990) (former employees brought action under WARN Act on behalf of other employees); Bledsoe v. Emery Worldwide Airlines, 258 F. Supp. 2d 780 (S.D. Ohio 2003); Cashman v. Dolce International/Hartford, Inc., 225 F.R.D. 73 (D. Conn. 2004); Cruz v. Robert Abbey, Inc., 778 F. Supp. 605 (E.D.N.Y. 1991); Reyes v. Greater Texas Finishing Corp., 19 F. Supp. 2d 709 (W.D. Texas 1998).

The merits of the action are <u>not</u> to be considered in weighing class certification. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974) ("We find nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action. . .'In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met.'") See also Ciarlante v. Brown & Williamson Tobacco Corp., 1995 WL 764579*1, 11 IER Cases 513 (E.D. Pa. Dec 18, 1995) (holding that because the issue of whether a location was a single site of employment affected the merits, it could not be considered on a motion for class certification); 3 Newberg on Class Actions, (4th ed. 2002) § 7.9.

Plaintiffs allege in their Complaint that they and other similarly situated former employees who worked at the Facilities were terminated on or about August 16, 2007 and thereafter, and were discharged without cause; that all these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoff or plant closing are "affected employees", as defined by 29 U.S.C. §2101(a)(5); that

6

these former employees did not receive from the Defendants 60 days' advance written notice, as required by the WARN Act; and that the Defendants failed to pay them 60 days' wages and fringe benefits, as required by the WARN Act.

As the layoffs took place on or about August 16, 2007 (*See* Plaintiffs' Declaration; Roupinian Declaration)**,** the proposed Class definition is as follows:

> Persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about August 16, 2007, within 30 days of August 16, 2007, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered by Defendants on or about August 16, 2007, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class. (the "Class").

The proposed class definition should be approved.

### III.  THE PROPOSED CLASS SATISFIES THE REQUIREMENTS OF RULE 23.

Class certification requires that each of the four prerequisites for class certification set forth in Federal Rule of Civil Procedure 23, namely, Rule 23(a)(1), (2), (3) and (4), be satisfied and that, in addition, at least one of the subparts of Rule 23(b) -- here 23(b)(3) -- be satisfied. As shown below, the prerequisites for class certification are clearly present in this action.

#### A.  The Proposed Class Meets the Requirements of Rule 23(a).

F.R. Civ. P. 23(a) provides as follows:

> **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

1.  The Numerosity Requirement is Satisfied.

Federal Rule of Civil Procedure 23(a)(1), requires that the class sought to be certified be "so numerous that joinder of all members is impracticable." This prerequisite, however, does not

7

require that joinder be impossible. Coggin v. Sears, Roebuck and Company, 155 B.R. 934, 937 (E.D.N.C.1993); See also, 1 Newberg on Class Actions, § 3:4 at 230 (4th Ed. 2002) (It is important to remember that "[i]mpracticable does not mean impossible."). No specific number is needed to maintain a class action. Cypress v. Newport News General & Nonsectarian Hospital Ass'n, 375 F.2d 648, 653 (4th Cir.1967). Rather, an "application of the rule is to be considered in light of the particular circumstances of the case." Cypress, 375 F.2d at 653. Classes consisting of forty or more persons "should have a reasonable chance of success on the basis of number alone." 1 Newberg, supra § 3:5 at 248. Indeed, a class of approximately 1000 claimants is clearly enough to satisfy Rule 23(a)(1). See, e.g., In re Kaiser Group Int'l, 278 B.R. 58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification). As was stated by another bankruptcy court:

> Generally, the Third Circuit has stated that if the class representative establishes that the potential number of class members exceeds 40, the numerosity requirement is satisfied. E.g. Stewart v. Abraham, 275 F.3d 220, 227 (3rd Cir. 2001).
>
> I would agree, at least with respect to the numerosity requirement, that "the WARN Act seems particularly amenable to class litigation" given that its applicability is limited to companies which employ more than 100 employees and which lay off employees in groups of 50 or more. See Finnan v. L.F. Rothschild & Co., Inc., 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (citing 29 U.S.C. § 2101(a)(1) and finding numerosity met where class size of 127 employees was alleged). Here the alleged class size of 150 to 270 terminated employees clearly meets the greater-than-forty requirement of this circuit.

In re Spring Ford Ind., 2004 Bankr. LEXIS 112, *24, 51 Collier Bankr. Cas. 2d (MB) 1614 (Bankr. E.D. Pa. 2004).

WARN Act class action litigation typically involves claims brought by the former employees of an employer who number less than the estimated 1000 former employees which make up the proposed class of Defendants' former employees. Grimmer v. Lord Day & Lord, 937 F. Supp. 255 (S.D.N.Y. 1996) (certifying class of 92 persons).

2. <u>Questions of Law and Fact Are Common to All Members of the Proposed Class</u>.

The second prerequisite of class certification is that "there be questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "[C]lass relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and they 'turn on questions of law applicable in the same manner to each member of the class.' For in such cases, 'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" General Tel. Co. v. Falcon, 457 U.S. 147, 155 (1982), quoting, Califano v. Yamasaki, 442 U.S. 682, 700-701 (1979).

Here, the Plaintiffs claim that they and the other Class Members were terminated as part of a common plan stemming from the Defendants' decision to discontinue business operations and close their Facilities. Additionally, the factual and legal questions stem from a common core of facts regarding the Defendants' actions and a common core of legal issues regarding every Class Member's rights, as follows: (a) Defendants employed more than 100 employees; (b) all the Class Members are protected by the WARN Act; (c) the Class Members were employees of the Defendants; (d) the Defendants discharged the Class Members on August 16, 2007 and thereafter in connection with a mass layoff or plant closing; (e) the Class Members were "affected employees", as they lost their employment as a result of the mass layoff or plant closing; (f) the Defendants terminated the employment of the Class Members without cause; (g)

the Defendants terminated the employment of the Class Members without giving them at least 60 days' prior written notice as required by the WARN Act; and (h) the Defendants failed to pay the Class Members 60 days' wages and benefits.

In short, virtually <u>all</u> the issues are common to the Class and the only differences are minor, namely, the rate of pay and the date of termination.

3. <u>The Claims of the Representative Parties are Typical of the Claims of the Class</u>.

Federal Rule of Civil Procedure 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." The typicality requirement is met when the representative Plaintiffs' claims arise from a course of conduct by Defendants that also gives rise to the claims of other Class Members based on the same legal theory. <u>Dura-Bilt Corp. v. Chase Manhattan Corp.</u>, 89 F.R.D. 87, 99 (S.D.N.Y. 1981); 1 <u>Newberg</u>, <u>supra</u>, at §3:13 at 326 (4th edition 2002) ("'[Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought'"). The question is whether the class representatives' claims have the same essential characteristics as the claims of the class at large. (<u>Id</u>.) If the elements of the cause of action to be proved by the representatives are the same as those of the class, the claim is typical. <u>Dura-Bilt</u>, 89 F.R.D. at 99. (<u>Id</u>.)

Here, the Class Representatives (i.e., the Plaintiffs) suffered the same type of injury as the rest of the Class and there are no conflicts of interest between the representatives of the Class and the other Class Members (*See* Plaintiffs' Declarations). The Defendants' failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all Class Members including the Plaintiffs. Neither the Plaintiffs nor other Class Members

received 60 days' notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act (*See* Exhibit A, Plaintiffs' Declarations).

Thus, the factual situation of each of the Class Representatives and the legal theories upon which the action is grounded are not only typical of the entire Class, but are identical.

  4.  <u>The Plaintiffs Will Fairly and Adequately Protect the Interests of the Class</u>.

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." This element requires a two-step analysis. First, the court must determine whether the named class representatives have interests that "are free from conflicts of interest with the class they seek to represent. <u>Amchem Prods v. Windsor</u>, 521 U.S. 591, 625 (1997). Second, the court must find that the class would be represented by qualified counsel. <u>Rodger v. Electronic Data Systems Corp.</u>, 160 F.R.D. 532 (E.D.N.C. 1995).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole.

The second element of Rule 23(a)(4) is met because Plaintiffs' counsel are "qualified, experienced and generally able to conduct the proposed litigation." <u>Eisen v. Carlisle & Jacquelin</u>, 391 F.2d 555, 562 (2d Cir. 1968), <u>cert</u>. <u>denied</u>, 417 U.S. 156 (1974). Their background can be summarized as follows:

- Adam Klein, Justin Swartz and Jack Raisner, partners in the New York based firm of Outten & Golden, LLP and members of the firm's Class Action Practice Group, have extensive experience litigating plaintiff employment rights matters, with a focus on the prosecution of class action and impact litigation of employment discrimination and wage and hour claims. René Roupinian, of counsel to the firm and a member of its Class Action Practice Group, has represented tens of thousand of former employees in

- more than 30 WARN Act cases, many of which were litigated in bankruptcy court. (See Roupinian Declaration).

- Nichols, Kaster & Anderson, PLLP, co-counsel in the instant case, is a 20+ lawyer firm which concentrates its practice on representing employees with a wide variety of employment claims. Donald Nichols and Paul Lukas, partners of the firm, concentrate their practice on the prosecution of class and collective actions in the employment context. Matthew Helland and David Schlesinger, attorneys at the firm, also represent employees in class and collective actions. (See Roupinian Declaration).

- Dennis Clancy, of Tucson, Arizona, has approximately 20 years experience in commercial bankruptcy litigation and has served as counsel to numerous creditors and debtors. The law firm of Raven, Awerkamp & Clancy, P.C. has extensive experience in handling bankruptcy adversarial complaints. (See Roupinian Declaration).

Accordingly, the four prerequisites of Rule 23(a) for Class certification are met in this action.

### B.     The Proposed Class Meets the Requirements of Rule 23(B)(3).

In addition to meeting the prerequisites for class certification under Rule 23(a), a class must meet only one of the three alternative requirements for treatment as a class action under Fed. R. Civ. P. 23(b). Here, the class meets the requirements of Fed. R. Civ. P. 23(b)(3).

Class Certification is proper under Rule 23(b)(3) where "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and … a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Considerations of judicial economy and efficiency are of paramount importance and, where, as here, determination of the common, predominant issues shared by the Class Members will dispose of the matter, class certification should be ordered. Rodger v. Electronic Data Systems Corp., 160 F.R.D. 532 (E.D.N.C. 1995). A class action is the superior method of

resolving this dispute because many of the claims are quite small, making individual lawsuits impracticable. Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985); Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc., 244 F.3d 1152 (9th Cir. 2001)(reversing district court's denial of class certification in a WARN case); Eisen v. Carlisle & Jacquelin, 391 F.2d at 566-567. As shown above, common questions of fact and law overwhelmingly predominate over the minor questions affecting individual claims.

In addition, Fed. R. Civ. P. 23(b)(3) requires that the Plaintiffs demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Four factors are set forth in Fed. R. Civ. P. 23 (b)(3) to guide the court's determination as to whether a class action is superior and whether issues of fact and law common to Class Members predominate over individual matters:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Here, neither the Plaintiffs nor any of the other Class Members have an interest in individually controlling the prosecution of separate actions. (*See* Plaintiffs' Declarations). To Plaintiffs' knowledge no other litigation concerning the controversy has been commenced. (*See* Plaintiffs' Declarations). Concentrating the WARN litigation in a class action will avoid multiple suits. Finally, the difficulties in managing this litigation as a class action are few: the Class Members can be easily identified; the potential liability of the Defendants can be readily calculated; and there is but one combined course of conduct -- that of the Defendants -- to examine and adjudicate. (*See* Plaintiffs' Declarations).

## IV. CLASS CLAIMS ARE PROPER IN BANKRUPTCY COURT EVEN WHEN THE PUTATIVE CLASS MEMBERS DID NOT FILE INDIVIDUAL CLAIMS.

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class actions shall be allowed in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary proceedings." As required by Rule 7023, the courts have consistently recognized that Rule 23 class actions are allowed in adversary proceedings. See, e.g., In re Whitaker, 882 F.2d 791, 793 n.1 (3d Cir. 1989); In re Zenith Laboratories, 104 B.R. 659, 664 (D.N.J. 1989); In re Grosso, 9 B.R. 815 (S.D.N.Y. Bankr. 1981). Here, since the Plaintiffs brought an adversary proceeding that asserts a Rule 23 class claim, that claim must be allowed providing the requirements of Rule 23 for class certification are met.

As previously noted, there is ample precedent for class actions in bankruptcy courts in the specific context of WARN Act litigation. Consider, for instance, In re Spring Ford Industries, Inc., 2004 Bankr. LEXIS 112 (Bankr. E.D. Pa. 2004). The court noted and followed "the overwhelming majority view that [class] claims are permissible in a bankruptcy case." Id., *6. Recognizing its discretion in this regard as to whether to allow the matter to proceed on behalf of the proposed class (Id., *7), the Spring Ford Court allowed the class claim to proceed. Most importantly, in each of the above cases, the classes that were allowed to proceed included former employees who had not filed individual proofs of claim.

Indeed, this Court reached the identical conclusion in In re Kaiser Group Int'l, Inc., outside the WARN Act context, and found the class action mechanism to be appropriate. In Kaiser, the court explicitly rejected In re Sacred Heart Hospital of Norristown, 177 B.R. 16 (Bankr. E.D. Pa. 1995), and found that there was nothing unfair about allowing a class to proceed where all class members had not filed individual proofs of claim. This Kaiser Court explained that:

> The Debtors also argue that we should consider whether it is appropriate to give class members an opportunity to participate in the class if they did not file proofs of claim before the bar date. The Debtors argue this gives class members an extension of the time within which to file a claim. See, e.g., Sacred Heart, 177 B.R. at 22. The Claimant, however, did file the class proof of claim before the bar date. If the class claim is certified, then the claims of all the members of the class are incorporated in the proof of claim that was timely filed. This is inherent in class actions. For example, the filing of a class action tolls the statute of limitations otherwise applicable to all class members in their individual capacities. See, e.g., Bailey v. Sullivan, 885 F.2d 52, 65 (3d Cir. 1989). The Debtors are not prejudiced by this, since the Debtors had notice of the existence of the class claim before the bar date.

In re Kaiser Group Int'l, 278 B.R. at 63-64.

In other words, the class proof of claim in that matter did what proofs of claim are supposed to do: it gave notice of the claim. Debtors (and other creditors) thereby got notice of this potential liability. Allowing that potential liability to be litigated in full did not create any unfair surprise, since the class proof of claim gave explicit notice of it. Moreover, as the Kaiser Court recognized, the law in fact protects the right of absent class members to rely on the filing of a class action on their behalf. That is, "the filing of a class action tolls the statute of limitations otherwise applicable to all class members in their individual capacities." Id. The very same principles, as applied to the bankruptcy context, show that a member of a putative class is well entitled to rely on the filing of a class claim to protect his or her rights, and that such a member should not have to file an individual claim as well.

In re First Alliance Mortgage Corp., 269 B.R. 428, 444 (D. C.D. Cal. 2001), provides additional support for the propriety of WARN claims filed by Plaintiffs on behalf of similarly situated putative Class Members. The First Alliance Court held that the filing of a class action in bankruptcy, by an individual on behalf of similarly situated individuals, serves as a timely filed claim on behalf of all other class members. Id. at 445, n 16.

Finally, four circuit courts have held that the Bankruptcy Code unconditionally allows class claims whenever the criteria of Rule 23 is met. Reid v. White Motor Corp., 886 F.2d 1462, 1469 (6th Cir. 1989)(noting that the "more equitable resolution" is to permit class claims in bankruptcy proceedings); Birting Fisheries, Inc. v. Lane, 92 F.3d 939, 940 (9th Cir. 1996) ("[W]e conclude that the bankruptcy code should be construed to allow class claims," noting that "[t]hree circuits have previously considered this question and all have construed the code as we do.") (emphasis added), citing Reid; In re Charter Co., 876 F.2d 866 (11th Cir. 1989); and American Reserve Corp. 840 F.2d 487, 493 (7th Cir. 1988).

Since the requirements of Rule 23 have all been met, as discussed above, class certification should be granted.

## V. THIS COURT SHOULD APPOINT THE UNDERSIGNED CLASS COUNSEL.

As shown in the Roupinian Declaration, Plaintiffs' counsel is qualified and has been actively and diligently prosecuting this action. Further, as stated in the Roupinian Declaration, the Plaintiffs are being represented by attorneys who are highly experienced in class action litigation and experience prosecuting claims under the WARN Act, having been appointed Class Counsel in some 30 WARN class actions (*See* Roupinian Declaration, attached hereto).

## VI. APPOINTMENT OF CLASS REPRESENTATIVES.

Plaintiffs' counsel request that Sheila Hart, Susan Howard, Jennifer Hurtado, Kelly Plummer, Tirzah Rolle, Tawana Wright, Sheila Loebs and Jennifer Binford be appointed Class Representatives. The Plaintiffs have been diligent in pursuing the Class claim and have worked with counsel in initiating and prosecuting the action; they have no conflict of interest with other Class Members; and they have and will fairly and adequately represent the interests of the Class

(*See* Plaintiffs' Declarations, annexed to the Roupinian Declaration as Exhibit A). For these reasons, Plaintiffs' counsel asks that the Plaintiffs be appointed Class Representatives.

## VII. THE FORM AND MANNER OF SERVICE OF NOTICE.

Plaintiffs further submit that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown on the Defendants' records is the best notice practicable under all the circumstances (annexed to the Roupinian Declaration as Exhibit B).

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B). See also Zimmer Paper Prods., Inc. v. Berger & Montague, P.C., 750 F.2d 86, 90 (3d Cir. 1985).

Although no rigid standards govern the contents of notice to Class Members, the notice must "fairly apprise the prospective members of the Class of the [proceedings] and of the options that are open to them in connection with [the] proceedings," Grunin v. International House of Pancakes, 513 F.2d 114, 122 (8th Cir.), cert. denied, 423 U.S. 864, 96 S. Ct. 124 (1975), *quoting,* Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 323 F. Supp. 364, 378 (E.D. Pa. 1970), aff'd sub nom, Ace Heating & Plumbing Co. v. Crane Co., 453 F.2d

30 (3rd Cir.1971). Individual mailings to each Class Member's last known address is appropriate. White v. National Football League, 41 F.3d 402, 408 (8th Cir. 1994); Weinberger v. Kendrick, 698 F.2d 61, 71 (2d Cir. 1983); Steiner v. Equimark Corp., 96 F.R.D. 603, 614 (W.D. Pa. 1983); Trist v. First Federal Saving & Loan Association, 89 F.R.D. 1, 2 (E.D. Pa.1980). Here, the contents of the proposed Notice are sufficient. The Notice summarizes the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the litigation and that if they do not opt-out, they may appear by their own counsel. In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in Defendants' records. Once Plaintiffs have been provided with those, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid to the last known address of each of the putative Class Members so that they will have at least 30 days from the date of the mailing, to object to Class certification and to opt-out of the Class. Plainly, this is the best practicable notice under the circumstances.

## Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter the proposed Order, annexed to the Roupinian Declaration as Exhibit C, granting Plaintiffs' Motion in all respects.

Dated: November 30, 2007

> By: /s/ *René S. Roupinian*
> Adam T. Klein
> Justin M. Swartz
> Jack A. Raisner
> René S. Roupinian
> **Outten & Golden LLP**
> 3 Park Avenue, 29th Floor
> New York, New York 10016
> Telephone: (212) 245-1000
>
> Paul J. Lukas
> Donald H. Nichols
> Matthew C. Helland
> David Schlesinger
> **Nichols Kaster & Anderson PLLP**
> 80 South Eighth Street, Suite 4600
> Minneapolis, MN 55402-2242
> Telephone: (877) 448-0492
>
> Dennis J. Clancy # 011425
> **Raven, Awerkamp & Clancy, P.C.**
> 313 South Convent Avenue
> Tucson, AZ 85701-2267
> Telephone: (520) 628-8700
>
> *Attorneys for Plaintiffs and the Putative Class*